### 26440. Johnson *v.* Reed *et al.*

Stephens, P. J. 1. No judgment can be entered against the surety on the statutory bond for the payment of the eventual condemnation-money, executed by a tenant as the defendant in a proceeding to summarily dispossess him, as provided in the Code, § 61-301, until a judgment has been obtained against the defendant. § 61-303. Where, on the trial of the issue made by the counter-affidavit of the tenant in a proceeding to summarily dispossess him, a nonsuit has been granted, the motion of the plaintiff to vacate the judgment of nonsuit and reinstate the case can not be sustained where notice of the motion was served only on the sureties on the bond executed by the tenant, and the defendant tenant (or his legal representative where the defendant is dead) is not made a party respondent to the motion.

2. Whether or not, in such a suit, the attorney of record for the defendant has authority after the death of the defendant to acknowledge service, binding upon the estate of the defendant or the defendant's legal representative, of a motion made by the plaintiff to vacate the judgment of nonsuit and reinstate the case, the motion should be overruled if the legal representative of the defendant tenant has not been made a party respondent to the motion. If, however, the defendant's legal representative has not been legally made a party respondent to the plaintiff's motion to vacate the judgment of nonsuit and reinstate the case, he is a necessary party to a bill of exceptions brought to this court by the plaintiff, in which the judgment overruling the motion to vacate the nonsuit and reinstate the case is excepted to.

3. Without deciding whether the acknowledgment of service of the plaintiff's motion to vacate the nonsuit and reinstate the case, which was made after the death of the defendant tenant and was made by the attorney of record for the defendant tenant who acknowledged service as attorney of record for the defendant tenant, was an acknowledgment of service sufficient to make the estate of the defendant tenant or the defendant tenant's legal representative a party respondent to the motion to vacate the nonsuit and reinstate the case, it may be conceded, without prejudice to the rights of the plaintiff whose motion to vacate and reinstate was subject to dismissal if the legal representative of the deceased tenant had not been a party respondent to the motion, that the acknowledgment of service was sufficient to constitute the de-

fendant tenant or his legal representative a party respondent to the motion to vacate the judgment of nonsuit and reinstate the case. In the bill of exceptions in this court in which the plaintiff excepts to the judgment overruling the motion of the plaintiff to vacate the non-suit and reinstate the case, where only the sureties are made parties defendant to the bill of exceptions, and the representative of the deceased tenant, who was a party in the court below, is not a party defendant to the bill of exceptions, the bill of exceptions is wanting in necessary parties, and should on that ground be dismissed. The motion to dismiss the writ of error, on the ground of a failure to make necessary parties, is sustained.

*Writ of error dismissed. Sutton and Felton, JJ., concur.*

DECIDED NOVEMBER 4, 1937.

*Wheeler & Kenyon, H. V. Johnson, Charles J. Thurmond,* for plaintiff.

*Boyd Sloan, Sam S. Harben,* for defendant.